UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JAB DISTRIBUTORS, LLC,

                             Plaintiff,                    **MEMORANDUM & ORDER**
                                                                    14-CV-6859 (MKB) (CLP)

                v.

HOME LINEN COLLECTIONS,

                             Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On November 21, 2014, Plaintiff JAB Distributors, LLC commenced this action against Defendant Home Linen Collections, alleging claims for violations of 35 U.S.C. § 1 *et seq.* (the "Patent Act"), 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), New York State common law and sections 349 and 360-1 of the New York General Business Law, arising from Defendant's alleged infringement on certain patents and trademarks held by Plaintiff. (Compl., Docket Entry No. 1.) Although properly served with the summons and Complaint, (Docket Entry Nos. 2, 11), Defendant failed to appear in this action. Plaintiff requested a Certificate of Default, and the Clerk of Court entered default against Defendant on April 17, 2015. (Docket Entry Nos. 13–14.) On July 8, 2015, Plaintiff moved for a default judgment. (Pl. Mot. for Default J. ("Pl. Mot."), Docket Entry No. 15.) The Court referred Plaintiff's motion to Magistrate Judge Cheryl L. Pollak for a report and recommendation. (Order dated July 9, 2015.) By report and recommendation dated March 8, 2016 (the "R&R"), Judge Pollak recommended that the Court grant in part and deny in part Plaintiff's motion for a default judgment. (R&R 2, Docket Entry No. 21.) Neither of the parties has filed objections to the R&R and the time for doing so has

passed.[1]  For the reasons discussed below, the Court adopts the R&R in part and declines to adopt the R&R in part.

I. Background

   a. Plaintiff's claims

Plaintiff moved for a default judgment on its claims against Defendant for (1) patent infringement in violation of the Patent Act; (2) trademark infringement in violation of the Lanham Act; (3) trademark infringement in violation of New York State common law; (4) trademark dilution in violation of the Lanham Act; (5) trademark dilution in violation of the New York General Business Law; (6) unfair competition in violation of the Lanham Act; and (7) deceptive trade practices in violation of the New York General Business Law.  (Pl. Mot. 3–5.)  Plaintiff also requested a permanent injunction against Defendant, barring Defendant from producing or marketing its products in a way that infringes on Plaintiff's protected patents and trademarks.  (*Id.* at 5–17.)  Plaintiff also sought the seizure of all items in Defendant's possession related to the allegedly infringing products, including "[Defendant's] infringing products and means of making [the] same, [Defendant's] records (including computers and electronic evidence of sales and offers to sell infringing products), and [Defendant's] promotional and sales materials related to the infringing products." (*Id.* at 17–19.)  Plaintiff separately moved for permission to delay filing damages calculations related to its claims until it

---

[1] On March 18, 2016, Plaintiff filed a letter styled as an objection to the R&R.  (Pl. Obj. to R&R ("Pl. Obj"), Docket Entry No. 22.)  In the letter, Plaintiff sought relief from Judge Pollak's order directing Plaintiff to serve a copy of the R&R on Defendant.  (*Id.* at 1; R&R 28.)  Plaintiff asserted that doing so would prejudice Plaintiff and render it unable to seize certain items from Defendant, consistent with Judge Pollak's recommendation.  (Pl. Obj. 1.)  The Court denies this request as moot.  As directed by the R&R, the Clerk of Court mailed Defendant a copy of the R&R on March 9, 2016.  Moreover, the Court finds no basis to modify Judge Pollak's order directing Plaintiff to serve the R&R on Defendant.

completed any seizure authorized by the Court and Plaintiff also moved for leave to file documents in support of its claim for attorneys' fees under seal. (Docket Entry No. 19.)

### b. Judge Pollak's recommendations

Judge Pollak recommended that the Court grant in part and deny in part Plaintiff's motion for a default judgment. Judge Pollak recommended that the Court deny Plaintiff's request for a default judgment as to the claim for deceptive trade practices under the New York General Business Law, but recommended that the Court grant Plaintiff's request for a default judgment as to all remaining claims. (R&R 27.) As to Plaintiff's request for a seizure order, Judge Pollak recommended that the Court grant this request in full, but reserve decision as to Plaintiff's request to destroy any seized infringing items or documents pending Plaintiff's compliance with the statutory notice requirements under 15 U.S.C. § 1118. (*Id.* at 26.) Judge Pollak also recommended that the Court grant Plaintiff leave to file a motion for damages after completing the seizure of Defendant's sales records, and further recommended that the Court reserve decision as to Plaintiff's request to file its motion for attorneys' fees under seal. (*Id.* at 27.)

## II. Discussion

### a. Standard of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x

3

107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

### b. Unopposed recommendations

The Court has reviewed the unopposed R&R and finds no clear error except as to Judge Pollak's recommendations that the Court (1) grant Plaintiff a default judgment on its federal trademark dilution claim under the Lanham Act, (2) authorize the seizure of Defendant's documents and computers, and (3) require Defendant to abide by the requirement for providing ten-days' notice to the United States Attorney's office for this district, pursuant to 15 U.S.C. § 1118. Having found no clear error as to the other portions of the R&R, the Court adopts the remaining recommendations in their entirety. The Court addresses the recommendations it declines to adopt.

### c. Plaintiff's federal trademark dilution claim

"Federal law allows the owner of a 'famous mark' to enjoin a person from using 'a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark.'" *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 205 (2d Cir. 2013) ("*Starbucks II*") (quoting *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 110–11 (2d Cir. 2010) (citing 15 U.S.C. § 1125)). "[T]o state a [dilution] claim under [15 U.S.C. §1125], the plaintiff must plead that it owns the mark, that the mark is famous and distinctive, and that [the] defendant's actions dilute that mark." *Dual Groupe, LLC v. Gans-Mex LLC*, 932 F. Supp. 2d

4

569, 573 (S.D.N.Y. 2013) (citing *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 105 (2d Cir. 2009) ("*Starbucks I*")). As the Second Circuit has noted, "the requirement that the mark [at issue] be 'famous' and 'distinctive' significantly limits the pool of marks that may receive dilution protection." *Starbucks I*, 588 F.3d at 105 (citations omitted). Indeed, "courts generally have limited famous marks to those that receive multi-million dollar advertising budgets, generate hundreds of millions of dollars in sales annually, and are almost universally recognized by the general public." *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, No. 12-CV-8205, 2013 WL 3943267, at *10 (S.D.N.Y. July 31, 2013) (alteration omitted) (quoting *Dan-Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 307 n.90 (S.D.N.Y. 2007) (collecting cases)).

Moreover, even where a mark has some level of fame, such fame must not be in a "niche market," but rather across the general marketplace. *See Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, No. 14-CV-7170, 2014 WL 5585339, at *7 (S.D.N.Y. Oct. 30, 2014) (For a section 1125(a) claim, "the degree of fame required for protection under the [act] . . . must exist in the general marketplace, not in a niche market . . . . Thus, fame limited to a particular channel of trade, segment of industry or service, or geographic region is not sufficient to meet that standard." (alterations in original) (citations omitted)); *Helios Int'l S.A.R.L.*, 2013 WL 3943267, at *10 ("[Section 1125(c)]'s caveat that the mark be widely recognized '*by the general consuming public of the United States*' is intended to exclude 'dilution claims based on 'niche' fame, i.e., fame limited to a particular channel of trade, segment of industry or service, or geographic region.'" (first quoting 15 U.S.C. § 1125(c); and then quoting *Dan-Foam*, 500 F. Supp. 2d at 307 n.90)).

In finding that Plaintiff is entitled to a default judgment on its federal dilution claim,

5

Judge Pollak relied on the Complaint's allegations that:

> [Plaintiff] has expended substantial time, skill, labor, and money, in the creation, marketing, advertising, and promotion of its JAB PROTECT-A-BED, BUG LOCK, and HEALTHY SLEEP ZONE SOLUTIONS Marks, and as a result, the aforementioned marks are famous . . . . [and] [u]pon information and belief, HLC's advertising, offering for sale and sale of its mattress encasement products and unauthorized use of the JAB PROTECT-A-BED, BUG LOCK, and HEALTHY SLEEP ZONE SOLUTIONS Marks commenced after the aforesaid intellectual property rights of JAB became famous, acquired distinctiveness, and were exclusively associated with JAB.

(Compl. ¶¶ 71–72; *see* R&R 15 (citing Compl. ¶ 72).) On a motion for default judgment, the Court need only accept "all well pleaded allegations against a defaulting defendant for purposes of determining liability." *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009). Although Plaintiff alleges that its mark is famous, that is a legal conclusion. Plaintiff has presented no facts regarding, or from which the Court can plausibly infer, the level of fame Plaintiff's marks have achieved, let alone that they qualify as "famous" under the Lanham Act. *See Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11-CV-8921, 2013 WL 6670584, at *7 (S.D.N.Y. Mar. 29, 2013) ("Defendants' general allegations that their Marks have 'fostered wide renown [*sic*] with the trade and public' and have 'great value and secondary meaning among the consuming public' are labels and conclusions not entitled to a presumption of truth. Defendants' other allegations, at best, make it plausible that their Marks are recognized within the niche market of for[-]profit, post-secondary schools." (alteration in original) (internal citations omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))); *Luv N' Care, Ltd. v. Regent Baby Prods. Corp.*, 841 F. Supp. 2d 753, 757 (S.D.N.Y. 2012) ("Plaintiffs' allegation that they 'have generated hundreds of millions of dollars in revenue from the sale of goods under their trademarks,' refers generally to 'goods under their trademarks' as a whole, not the 'amount, volume, and geographic extent of sales of goods or services offered under the' marks in

suit . . . . Thus, that allegation does not support plaintiffs' argument that those marks are famous.") Accordingly, because Plaintiff has not adequately pled that its mark qualifies as "famous" under the Lanham Act, the Court declines to award Plaintiff a default judgment on its federal trademark dilution claims.[2]

### d. Seizure order

Plaintiff seeks an order pursuant to 15 U.S.C. § 1118, authorizing Plaintiff to seize: (1) Defendant's "infringing products and means of making [the] same," (2) Defendant's "records (including computers and electronic evidence of sales and offers to sell infringing products)," and (3) Defendant's "promotional and sales materials related to the infringing products." (Pl. Mot. 17; Pl. Proposed Seizure Order, annexed to Pl. Mot. as Ex. G.) The R&R recommended that the Court grant Plaintiff's request for the proposed seizure order, but delay the order's execution until Plaintiff certifies that it has complied with the notice provisions under section 1118. (R&R 26.) For the reasons discussed below, the Court adopts only a portion of this recommendation.

### i. Scope of the order under 15 U.S.C. § 1118

Pursuant to section 1118, where a plaintiff has established "a violation of any right of the registrant of a mark registered in the Patent and Trademark Office" or "a violation under section 1125(a)," the court:

> may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or, in the case of a violation of section 1125(a) of this title . . . , the word, term, name, symbol, device, combination thereof, designation, description, or representation

---

[2] Plaintiff's trademark dilution claims under New York State law do not suffer from the same defect, because, as the R&R notes, New York State law does not require that a mark qualify as "famous" for there to be liability for diluting that trademark.

7

> that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

15 U.S.C. § 1118. Notably, section 1118 does not authorize "seizures" of infringing goods, it authorizes an order directing the "deliver[y]" and "destr[uction]" of such goods. *Id.* This distinguishes section 1118 from section 1116(d), which provides for "seizures," stating:

> In the case of a civil action arising under section 1114(1)(a) of this title or section 220506 of Title 36 with respect to a violation that consists of using a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, the court may, upon ex parte application, grant an order under subsection (a) of this section pursuant to this subsection providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation.

15 U.S.C. § 1116(d)(1)(a); *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 114 (E.D.N.Y. 2010) (noting that the relief under section 1118 "is distinct from what is offered under section 1116(d)(1)(A)," as "[o]ne provision speaks of deliverance and destruction, the other, of seizure" (citing 15 U.S.C. §§ 1116(d)(1)(a), 1118)). In addition, orders under section 1118 are available where there has been "a violation of any right of the registrant of a mark registered in the Patent and Trademark Office" or "a violation under section 1125(a)." 15 U.S.C. § 1118. In contrast, by its terms, section 1116(d) applies only to cases involving the use of counterfeit marks. *Id.* § 1116(d)(1)(a).

Accordingly, courts in this Circuit have issued orders pursuant to section 1118 directing an infringing defendant to deliver infringing products to a successful plaintiff. *See Diesel S.P.A. v. Does*, No. 14-CV-4592, 2016 WL 96171, at *11 (S.D.N.Y. Jan. 8, 2016) (issuing order requiring infringing defendant "to deliver to [the] [p]laintiff for destruction all unauthorized products, advertisements, and packaging that bear any of [the] [p]laintiff's trademarks or

colorable imitations thereof, as well as any plates, molds, or other means of producing such trademarks or imitations"); *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-0946, 2015 WL 1299259, at *20 (E.D.N.Y. Mar. 23, 2015) (adopting recommendation "that [the] [d]efendant be ordered to destroy the infringing advertising"); *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *14 (E.D.N.Y. Sept. 16, 2014) (adopting recommendation that the defendant "be directed to turn over to Plaintiff for destruction any infringing merchandise in its possession, custody or control"); *Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs., Inc.*, No. 13-CV-2548, 2014 WL 1303434, at *7 (S.D.N.Y. Apr. 1, 2014) ("Defendants are ordered to deliver to Plaintiff for destruction all advertisements that use Sub-Zero's word-mark or logo."); *Hilton v. UK Fragrances, Inc.*, No. 12-CV-6346, 2014 WL 794304, at *16 (E.D.N.Y. Feb. 25, 2014) (adopting recommendation that the defendants "be directed to turn over to [the] [p]laintiffs for destruction (at [the defendants'] expense) any infringing merchandise in its possession, custody or control").

Although courts have authority pursuant to section 1118 to issue orders directing the "deliver[y]" and "destr[uction]" of infringing items, 15 U.S.C. §1118, "[w]here a permanent injunction against any further infringement is ordered, courts are sometimes reluctant to take the additional step of ordering existing infringing merchandise destroyed." *Krevat*, 2014 WL 4638844, at *14 (citations omitted). Nevertheless, "when a defendant has defaulted, an order pursuant to [section] 1118 may be issued in addition to a permanent injunction when necessary to protect plaintiff's interests." *Diesel S.P.A.*, 2016 WL 96171, at *11 (collecting cases) (ordering delivery and destruction of infringing products because "[b]ecause the [d]efendants . . . failed to appear in th[e] action, and because th[e] [c]ourt ha[d] no assurance that [the] [d]efendants w[ould] comply with the terms of the permanent injunction"); *S & S Brands, Inc. v.*

*Seaford Stop & Shop Inc.*, No. 13-CV-5383, 2014 WL 3871396, at *4 (E.D.N.Y. Aug. 5, 2014) ("[B]ecause the defendant has defaulted, the court cannot determine the extent of destruction that may be necessary, and . . . 'is unable to obtain representations from Defendant [] that [it] will comply with the injunction.'").

Although the Court finds no clear error in Judge Pollak's recommendation that the Court issue an order directing the delivery and destruction of Defendant's infringing products, the Court declines to adopt the recommendation that the Court issue an order authorizing Plaintiff to *seize* Defendant's infringing products. Plaintiff seeks a "seizure" order pursuant to section 1118, which does not provide for the issuance of such orders, but rather allows for a court order compelling Defendant to deliver the infringing products to Plaintiff and authorizing Plaintiff to destroy those products. 15 U.S.C. § 1118. Accordingly, the Court declines to adopt Judge Pollak's recommendation that the Court issue a seizure order, but adopts her recommendation to the extent it recommends that the Court issue an order under section 1118 compelling Defendant to deliver the infringing products to Plaintiff for destruction.

Next, while the Court finds that issuing an order pursuant to section 1118 is warranted, the Court declines to adopt Judge Pollak's recommendation as to the scope of such an order. Plaintiff "requests that the Court authorize United States Marshals, along with [Plaintiff's] attorneys, to seize . . . [Defendant's] records (including computers and electronic evidence of sales and offers to sell infringing products), and [Defendant's] promotional and sales materials related to the infringing products." (Pl. Mot. 17.) According to Plaintiff, such a seizure "will help [Plaintiff] determine the scope of [Defendant's] infringement and determine an appropriate damages remedy." (*Id.* at 19.) However, Plaintiff cites no authority for granting such a request pursuant to section 1118. As discussed above, section 1118 authorizes the delivery and

destruction of specifically enumerated types of infringing items, not their seizure. 15 U.S.C. § 1118. In addition, section 1118 makes no reference to the types of documents and items Plaintiff requests authorization to seize, such as Defendant's "computers and electronic evidence of sales and offers to sell infringing products" or Defendant's "promotional and sales materials related to the infringing products." (Pl. Mot. 17.) Because section 1118 does not authorize the relief Plaintiff seeks, the Court denies Plaintiff's request to seize these items or, alternatively, to compel Defendant to deliver such items to Plaintiff.

Accordingly, the Court adopts Judge Pollak's recommendation in part, and grants Plaintiff's request for an order directing Defendant to deliver its infringing products to Plaintiff for destruction. However, the Court denies Plaintiff's request for an order authorizing the seizure of, or compelling the delivery of, items in addition to the infringing products.[3] Plaintiff shall file a proposed order consistent with section 1118 and this Memorandum and Order within fourteen (14) days. Plaintiff may renew its request for an appropriate court order to obtain the information it seeks.

### ii. Timing of the seizure

The R&R recommends that the issuance of any order under section 1118 be reserved until Plaintiff certifies that it has provided the United States Attorney for this judicial district with ten days' notice as required under section 1118. (R&R 26–27.) The Court declines to adopt this recommendation. Section 1118 states that "[t]he party seeking an order under this section for destruction of articles seized under section 1116(d) of this title shall give ten days'

---

[3] Because the Court denies Plaintiff's request to seize documents including Defendant's sales records, the Court declines to adopt Judge Pollak's recommendation that the Court grant Plaintiff's request for leave to file its motion for damages following the seizure of such documents. (R&R 27.) The Court denies Plaintiff's request without prejudice.

notice to the United States attorney for the judicial district in which such order is sought (unless good cause is shown for lesser notice)."[4] 15 U.S.C. § 1118. Here, the ten-day notice period in section 1118 does not apply. Although this provision refers to a ten-day notice period, by its terms, this provision applies to parties "seeking an order under this section for destruction of articles *seized under section 1116(d) of this title.*" *Id.* (emphasis added). There has been no seizure under section 1116(d) in this case, and Plaintiff has not asserted that the seizure order it seeks relates in any way to section 1116(d). As a result, because Plaintiff seeks an order pursuant to section 1118, the mandatory ten-day notice period does not apply. *See, e.g.*, *Diesel S.P.A.*, 2016 WL 96171, at *11 (issuing order in non-counterfeiting claim compelling defendant "to deliver to [the] [p]laintiff for destruction" various infringing products and items without imposing a ten-day notice period); *Sola Franchise Corp.*, 2015 WL 1299259, at *20 (same).

---

[4] Section 1116(d) concerns seizures in cases that involve the use of counterfeit trademarks. 15 U.S.C. § 1116(d). Because Plaintiff has not sought a default judgment on a claim for the use of counterfeit trademarks, this section is inapplicable. *Id.*

### III. Conclusion

Having reviewed the unopposed R&R, the Court adopts Judge Pollak's R&R in part and declines to adopt it in part. The Court grants the following relief: (1) the Court grants Plaintiff's motion for default judgment as to all of Plaintiff's claims except its claims for (a) trademark dilution under the Lanham Act and (b) deceptive trade practices under New York State law; (2) the Court grants Plaintiff's request for a permanent injunction barring Defendant from producing or marketing any of its products in a way that infringes on Plaintiff's protected patents and trademarks; (3) the Court grants Plaintiff's request for a section 1118 order requiring that Defendant deliver its infringing products to Plaintiff for destruction, but the Court directs Plaintiff to propose and file a revised order consistent with this Memorandum and Order within fourteen (14) days of this Memorandum and Order. The Court adopts Judge Pollak's recommendation that the Court reserve decision as to Plaintiff's request to file a motion for attorneys' fees under seal.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 30, 2016
       Brooklyn, New York